IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH KAISAM, #A044 754 250         *
        Petitioner,
    v.                               * CIVIL ACTION NO. JKB-16-2809

LORETTA E. LYNCH, *et al*.           *
        Respondents.
                            *****

MEMORANDUM

      On August 8, 2016, this 28 U.S.C. § 2241 petition for writ of habeas corpus was received for filing. According to the petition, petitioner was placed in removal proceedings and received his final order of removal in December of 2014. Currently detained in a Buffalo, New York federal detention facility, he seeks release from detention by the Bureau of Immigration and Customs Enforcement ("ICE"), invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001). Kaisam, who was returned to ICE custody in July of 2016, after serving his state sentence in the Maryland Department of Public Safety and Correctional Services, seemingly claims that he is "languishing" in ICE detention and his removal to Sierra Leone is not significantly likely to occur in the reasonable foreseeable future. ECF No. 1, pp. 2-7. The petition was not accompanied by the $5.00 habeas corpus filing fee or a motion for leave to proceed in forma pauperis. Kaisam shall not be required to cure this deficiency. His petition shall be dismissed without prejudice for lack of personal jurisdiction.

      Title 28 of the United States Code § 2241(a), gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). An application for a writ of habeas corpus "shall

allege....the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Padilla v. Rumsfeld*, 542 U.S. 426, 447 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. at 494-95; *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011); *United States v. Hinton*, 347 F. App'x 885 (4th Cir. 2009) (unpublished). According to petitioner, he was moved from Maryland to the Federal Detention Facility in Buffalo, New York, in July of 2016. At the time this petition was filed, petitioner was no longer in custody in the state of Maryland. This court has no jurisdiction to adjudicate his 28 U.S.C. § 2241 petition and the matter shall be dismissed without prejudice.[1]

Date:  August 10, 2016                                    /s/
                                                                     James K. Bredar
                                                                     United States District Judge

---

[1] Kaisam has filed several prior petitions for mandamus and habeas relief in this court. In a July 27, 2016, Memorandum denying his recent petition for mandamus relief, the court suggested that Kaisam file a 28 U.S.C. § 2241 petition for habeas corpus relief in the federal district where he is confined, which would be the United States District Court for the Western District of New York, Robert H. Jackson Courthouse, 2 Niagara Square, Room 200, Buffalo, New York 14202-3350. A sample copy of a 28 U.S.C. § 2241 form was sent to Kaisam to file the petition in the United States District Court in New York. *See Kaisam v. ICE*, Civil Action No. JKB-16-2763 (D. Md.)